Filed 12/29/22  P. v. Strong CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DERRICK STRONG,<br><br>        Defendant and Appellant. | A157060<br><br>(San Mateo County<br>Super. Ct. No. 18-SF-011200-A) |

Defendant Derrick Strong was convicted of first degree burglary following a jury trial.  Defendant now appeals the trial court's denial of his motion to strike his prior conviction during sentencing.  He contends the court abused its discretion by considering a more dangerous burglary than actually occurred, and he asserts remand is required for resentencing under Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136).  We agree defendant is entitled to resentencing but otherwise affirm the judgment.

**I.**

**BACKGROUND**

The San Mateo County District Attorney charged defendant by information with first degree burglary of an occupied dwelling (Pen. Code,[1] §§ 460, subd. (a), 667.5, subd. (c); count 1).  The information further alleged

---

[1] All further statutory references are to the Penal Code.

defendant had a prior strike (§ 1170.12, subd. (c)(1)), three serious felony priors (§ 667, subd. (a)(1)), and a prison prior (§ 667.5, subd. (a)).

At trial, defendant testified he found the homeowners' keys in their apartment door and went inside to investigate. He admitted entering the apartment multiple times and taking several items. The homeowners woke up to discover defendant in their apartment and called 911. Defendant told the homeowners he found their cell phone and wallet downstairs, took them out of his pocket, and returned them. Defendant then left the apartment at the request of one of the homeowners. Police located defendant nearby and recovered the homeowners' keys from his pocket.

The jury found defendant guilty on count 1 and found the occupied dwelling enhancement allegation true. The trial court subsequently found all of the prior conviction allegations true.

Prior to sentencing, defendant filed a motion requesting the trial court to exercise its discretion under section 1385, subdivision (a) and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to dismiss his prior strike conviction. Defendant primarily argued he was calm and nonviolent during residential burglary, and he returned the property at the request of the homeowners. He further noted he would participate in drug treatment and had strong family support.

The court denied this request, noting defendant was "minimizing the nature of this offense." The trial court then sentenced defendant to a total of 13 years, calculated by the middle term of four years, doubled for the prior strike, plus an additional five years for the serious felony prior. Defendant timely appealed.

## II.

## DISCUSSION

On appeal, defendant argues the trial court abused its discretion in refusing to strike his prior strike and serious felony priors. He also asserts the matter should be remanded for resentencing due to recent legislative changes.

### A. Romero *Motion*

"California's 'Three Strikes' law applies to a criminal defendant who is currently charged and convicted of a felony and who has previously been convicted of one or more serious or violent felonies." (*In re Coley* (2012) 55 Cal.4th 524, 528.) But this scheme does not eliminate a court's discretion to dismiss a defendant's prior strike conviction. (*Romero*, *supra*, 13 Cal.4th at pp. 529–530; *People v. Clancey* (2013) 56 Cal.4th 562, 582.) Either on the court's own motion or on application of the parties, the court may order a prior strike conviction dismissed "in furtherance of justice." (§ 1385, subd. (a); *People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).)

"A [sentencing] court's discretion to strike prior felony conviction allegations in furtherance of justice is limited." (*Romero*, *supra*, 13 Cal.4th at p. 530.) It "must consider whether, in light of the nature and circumstances of his [or her] present felonies and prior serious and/or violent felony convictions, and the particulars of his [or her] background, character, and prospects, the defendant may be deemed outside the [Three Strikes law's] spirit, in whole or in part, and hence should be treated as though he [or she] had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

Given the "strong presumption" that any sentence imposed in conformity with the Three Strikes law is rational and proper, a trial court

3

abuses its discretion in denying a *Romero* motion only in limited circumstances—e.g., where the court was unaware of its discretion to dismiss or considered impermissible factors, or where applying the Three Strikes law to a set of facts would produce an arbitrary, capricious, or patently absurd result. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) In short, it is not enough to show that reasonable minds might disagree; where the record is silent or " '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Ibid.*)

Defendant first asserts the trial court abused its discretion in denying his *Romero* motion because the trial court relied on the general danger of a residential burglary rather than the experience of these particular victims. He argues the court failed to consider the nature of the actual crime and instead focused on speculative possible outcomes from a residential burglary. We disagree with defendant's argument that the court failed to consider the actual crime. Here, the trial court focused specifically on the crime committed—entering the victims' home in the middle of the night and taking property. These facts are undisputed. Defendant acknowledged entering the apartment multiple times, taking property (albeit subsequently returning much of it), and purposefully seeking a confrontation with the homeowners. The court specifically noted defendant was "minimizing the nature of this offense and not understanding how someone would feel if they were victimized *in the situation that we find ourselves in*." (Italics added.) While the court noted the possibility of violence in such a situation—despite such violence not occurring—defendant also acknowledged such a risk when he stated to probation he was " 'glad no one was hurt.' "

4

Next, defendant argues the trial court improperly concluded he lacked remorse when, in fact, he expressed both regret and remorse at trial and in his statements to probation. However, the record supports the court's statement. The probation report noted defendant "minimized the present offense," "took minimal responsibility for what occurred," and described the case as " 'minor.' " While defendant's statement acknowledged entering the apartment multiple times, "tweeking [*sic*] a bit" from drug use, and going through the victims' property, he failed to acknowledge the harm caused by these actions. The majority of defendant's statement focused on how he " 'decided to do the right thing,' " did not use force, and felt he and the homeowners " 'could help each other.' " Only one sentence stated defendant apologized to the victims and was glad no one was injured and property could be returned. The probation report thus concluded defendant was "not fully remorseful for his actions" as he never acknowledged "that the victims' personal space and boundaries were violated." Likewise, defendant's trial testimony suggested he believed his conduct was *beneficial* by helping the victims understand the danger of leaving keys in their door.[2] None of these statements reflect a meaningful expression of regret or remorse.

Finally, defendant contends he falls outside the spirit of the Three Strikes law because his prior conviction was from 1999 and this burglary was nonviolent. While true, we cannot conclude the court abused its discretion in finding defendant within the spirit of the Three Strikes law. The record indicates defendant committed the current crime very shortly after completing parole and was using methamphetamines daily at the time while

---

[2] Defendant also declined to make a statement at the beginning of the sentencing hearing, instead referencing his written statement attached to the *Romero* motion. That statement, however, merely recounted his past history and childhood, and did not convey remorse for the current burglary.

denying he had a substance abuse problem.  The court agreed with the prosecutor that defendant's conduct indicated a complete disregard for the seriousness and potential consequences of his actions.

Nothing in the record indicates the trial court was unaware of its discretion or failed to consider the appropriate facts.  (See *Carmony*, *supra*, 33 Cal.4th at pp. 378–379 [trial court's refusal to strike prior conviction not an abuse of discretion because it was "based on factors allowed under the law and fully supported by the record"].)  Accordingly, the trial court did not abuse its discretion in denying defendant's *Romero* motion.

## B.  Senate Bill 136

Defendant contends his sentence must be vacated and his case remanded for resentencing in light of Senate Bill 136.

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.]  Courts nevertheless had discretion to strike that enhancement pursuant to section 1385, subdivision (a).  [Citation.]  Effective as of January 1, 2020, Senate Bill No. 136 . . . amends section 667.5, subdivision (b) to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)."  (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Because Senate Bill 136 mitigates punishment, it applies retroactively under *In re Estrada* (1965) 63 Cal.2d 740 to all cases not yet final as of the bill's effective date.  (*Jennings*, at pp. 681–682.)  Accordingly, defendant is entitled to have his sentence enhancement struck under Senate Bill 136 because he did not commit a sexually violent offense.

Defendant asserts remand is appropriate for the trial court to reconsider the entire sentence. We agree. Generally, "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) This rule does not apply when "the trial court has already imposed the maximum possible sentence, [making] a remand for resentencing . . . unnecessary." (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 772–773.) But here, the trial court exercised its discretion to impose the midterm. Accordingly, remand for resentencing is appropriate. (See *People v. Choi* (2021) 59 Cal.App.5th 753, 770.) We express no opinion as to how the trial court should exercise its discretion on remand.

## III.

## DISPOSITION

This matter is remanded for resentencing under Senate Bill 136. In all other respects the judgment is affirmed.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

DEVINE, J.*

A157060
*People v. Strong*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8